LEWIS RECTOR v. HENRY G. HUDSON.

That the Sheriff by whom the jury was summoned, in a civil action, was the son of the adverse party, is not good cause for a new trial, without showing any excuse for the failure to make the objection at the proper time; that is, by challenge to the array before the trial commenced.

The declarations of the maker of a horserace, or his agent, to the effect that he had bribed the rider of the other horse to throw off the race, are admissible in evidence against a by-better who was identified with the trainers and the party on that side, where such declarations are made on the ground, at the time of the race.

Where declarations of a third person are *admitted* in evidence, and it does not appear that they were objected to on the ground that they were not part of the *res gestae*, the judgment will not be reversed merely because it does not appear from the statement of facts whether they were or were not part of the *res gestae*.

It has been constantly held, that in reversing the ruling of the Court in the *admission* of evidence, the appellate Court will consider only the objections which were taken at the trial.

In this case the Court refused to reverse the judgment on the ground that the verdict was not supported by the evidence, where the defence was that the cause of action had been won from defendant in a horserace in which the defendant's rider was bribed by the procurement of the person under whom plaintiff claimed as heir.

Appeal from Brazos. Tried below before the Hon. C. A. Frazer.

Suit by appellant as sole heir and executor of Afred Cleveland, deceased, against appellee, for the penalty of a bond given by the latter to said Cleveland on the 7th of September, 1844, to convey fifteen hundred acres of his headright as soon as he should obtain a patent. The petition alleged that defendant had removed his headright from the particular land, and had thereby rendered himself unable to comply with the condition of the bond; the penalty was $2000.

---

* If it were admitted to be a good excuse, that the party was ignorant of the relationship when the trial commenced, he would doubtlessly be required to make the objection during the trial; or on a motion for a new trial, to show that he did not discover the fact until after verdict.—REPS.

Answer that the said bond was made and staked on a horse-race, which was run by J. H. Galbreath against defendant, and that by the procurement of said Cleveland, plaintiff's ancestor, and said Galbreath, defendant's rider was bribed, &c., stating particulars.

The evidence to the only point really in issue was as follows: Robert Johnson, witness for defendant, stated that he was about three hundred yards from the horses when they were turned loose; that the Hudson horse run off the track at the start some forty steps; that the impression of himself and others was that the rider of said horse guided him off the track; that the bond sued on was bet on said race; that the main stake was given up; that John H. Galbreath, who made the race with Hudson, bragged and said that he had agreed to pay Hudson's rider, whose name was Johnson, fifteen dollars to throw off the race; and that Johnson followed Galbreath to Wheelock for the fifteen dollars, and that he, Galbreath, sent him to Chandler, and Chandler re-fused to pay him for throwing off the race; that Hudson was not informed of what Galbreath had said until some time after the race was run; that Cleveland was all the time with the party that was against Hudson, whilst training and on the day of the race; took an interest in said race, and was identified with the Chan-dler party; witness had seen same horse run afterwards, but never saw him bolt from the track.

E. C. Chandler, (probably plaintiff's witness, but not stated) testified that Gilbreath made the race for him; that he put up the main stake, and agreed to give Galbreath part of the pro-perty won; that the race was a fair one, so far as he knew; that defendant's horse bolted from the track about three jumps, and run forty steps off the track and was brought back by the rider; that said horse would have won the race if he had not bolted from the track; never knew said horse to bolt from the track afterwards; that Galbreath was a worthless fellow, and capable of offering and making a bribe; that the rider, Johnson, never called on him, witness, for pay for throwing off the race; that Cleveland bet on witness's horse, and was identified with his party on the day of the race, and had been with the trainers previously.

W. C. Coleman, who had been one of the judges, testified that it was his opinion that the race was fairly run; that Chandler was the principal in the race, and put up the main stake, and that Galbreath was a worthless fellow.

J. C. Thomas testified that in 1851 or 1852, he heard defendant tell plaintiff he would make him a title when he got his patent; that both were drinking at the time and full of liquor; that at the next Court, or a short time after, heard defendant tell plaintiff there was a hole in the bond, and he would not pay it.

Verdict and judgment for defendant. Motion for new trial overruled. One of the grounds of the motion for a new trial was, that the Sheriff who summoned the jury was the son of the defendant; but no cause was shown why the fact was not made the ground of challenge. There had been a verdict before for the defendant, and a new trial granted.

It appeared by a bill of exceptions, that the testimony as to Galbreath's declarations was objected to by plaintiff on the ground that said Galbreath was not a party to this suit, and the objection overruled.

*W. H. White,* for appellant.

WHEELER, J. The relationship of the Sheriff, who summoned the jury, to the defendant, was a good ground of challenge to the array; which ought to have been made before the jury were sworn, or at least before the trial. A venire might then have been directed to the Coroner. It was too late to raise the objection on a motion for a new trial, without showing any excuse for the failure to make the challenge at the proper time.

The testimony of the witness to the admissions of Galbreath was objected to on the sole ground that he was not a party to the suit. But he appears to have been a partner, and to have had an identity of interest with the ancestor of the plaintiff. His admissions, made while he sustained that relation to the party under whom the plaintiff claims as heir, were admissible, though he was not a party to the suit. It does not appear when they were made, or whether in one and the same conversation or at different times. If the objection had been that they were not made at the time, it might have been brought out, by an examination of the witness to that point, that the admission of the party that he had bribed the rider, which was the material part of the declarations deposed *to,* was made at the time of the principal transaction, or in such time as to have been plainly admissible in evidence. It has been constantly held that in revising the ruling of the Court in the admission of evidence, the appel-

late Court will consider only the objections to the evidence taken at the trial. Applying the rule to the present case, there was no error in the admission of the evidence.

The question of fact was for the decision of the jury upon the evidence before them; and upon such a question especially, it will be readily admitted they were much more competent to decide, from their knowledge of the parties, and the witnesses, and the nature of the transaction, than this Court can possibly be. We see no cause to be dissatisfied with the verdict. The judgment is affirmed.

Judgment affirmed.