Int. & G. N. R. R. Co. v. Joe H. Stewart.

(Case No. 4493.)

1. Practice — Bill of exceptions.— A jury returned into court with a verdict. The district judge, upon examining it, refused to receive it. The jury retired, and again came into court with another verdict, which was received. The district judge gave to counsel of the losing party a statement certifying to the terms of the first verdict. On motion for new trial, the refusal to receive the first verdict was urged as a ground for new trial. On appeal, *held*,

    (1) The action of the trial judge was not before the supreme court for revisal — not appearing by bill of exceptions.

    (2) If the certificate of the judge to the terms of the verdict, etc., be held to be in effect a bill of exceptions, yet as it was not shown that objection was made at the time to the action of the judge, that action would not be revised.

    (3) But the action was not condemned as error, had it been before the court on appeal.

2. Charge of court.— See charge approved as not upon weight of testimony.

3. Same.— The whole charge should be taken together to determine whether appropriate. Each clause must be taken in connection with the other parts.

4. Same.— Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact; and the charge of the court should proceed upon that basis.

5. Same — Case approved.— Wintz *v.* Morrison, 17 Tex., 372, approved.

6. Damages.—The amount of damages is peculiarly for the jury; and unless, in view of the evidence, the damages are so excessive and disproportioned to the injury alleged as to indicate that the verdict was the result of passion, prejudice or partiality, the judgment will not, on appeal, be set aside.

Appeal from Travis. Tried below before the Hon. A. S. Walker.

This suit was brought by Joe H. Stewart, plaintiff, against the International & Great Northern Railroad Company, defendant, to recover $21,500, actual and exemplary damages for personal injuries alleged to have been received by plaintiff in walking and tumbling off defendant's depot platform in the city of Austin, about half-past twelve o'clock, at night, on the 3d day of July, 1877; the petition charging negligence on the part of the defendant in failing to pro-

vide proper lights at the depot, to guide passengers off the platform, and further alleging that this negligence was the proximate cause of the injuries sustained by him.

The petition was held good on a former appeal of this case. 52 Tex., 289.

The defendant pleaded a general denial, and specially denied negligence and injury; and pleaded that plaintiff was guilty of contributory negligence.

On the trial there was no conflict of testimony as to the accident; as to the extent of injury, testimony was conflicting. The court charged only on actual damages. The charge was as follows, after stating the case:

1. "It was the duty of the defendant company to provide reasonable accommodations at their stations for passengers who travel on their trains. It was its duty to keep in a safe condition all portions of their platforms and approaches thereto, to which the public do, or would naturally resort, as well as all portions of their station grounds reasonably near to their platforms, where passengers landing from the cars would naturally or ordinarily be likely to go.

2. "It was the duty of the plaintiff to use such watchfulness in his movements as a reasonably prudent man would ordinarily use under the circumstances attending his landing from and moving from the cars at the time.

3. "Negligence is the omission to perform a duty, and should be measured by the character, risk, and exposure to danger in the matter or business under consideration; and both plaintiff and defendant were bound to such care as would be used by prudent men generally in the matter under investigation, looking to their duties as above defined. . . .

6. "Whether the defendant company was guilty of negligence; that is, whether the *acts and omissions* of the defendant, *as shown by the testimony*, exhibited a neglect of duty as above defined, must be determined by the jury from all the testimony before them.

7. "If the jury believe, from the testimony, that the allegations in the petition as to the injury are true, and that the defendant company was negligent, and failed in its reasonable discharge of its duty under the circumstances, *whereby the injury was caused*, and that the plaintiff used ordinary care, and was not himself, by his negligence, to some extent directly contributing to the injury, then the jury will find for the plaintiff such damages, if any, as the testimony shows to have been the natural and proximate effect of such injury, including, if warranted by the testimony, loss of time, medi-

cal bill, suffering, mental and physical, incapacity for labor in his business or profession, if any, resulting from the injury; looking to the testimony as to what, if any, damages, and their amount, sustained, not exceeding the sum claimed.

8. "If the testimony fails to show injury to the plaintiff, or fails to show negligence as alleged on the part of the defendant, or if it show negligence or want of reasonable care under the circumstances on the part of the plaintiff, contributing to the injury, the jury will find for the defendant."

The jury, after retirement, returned into court with a verdict which the court refused to receive. After further deliberation, the jury returned a verdict for plaintiff for $1,525. Upon this verdict judgment was entered.

The trial judge gave to counsel for defendant a statement as to the contents of the rejected verdict, for use in motion for new trial and otherwise, as follows:

"The following is a copy of the verdict first returned into court by the jury in the case of Stewart v. International & Great Northern Railroad Company, which was refused by the court, and to which reference is made in defendant's motion for new trial, filed this February 4, 1881: 'Jury Room, Austin, Texas, February 4, 1881.— We, the jury, find for the plaintiff in the sum of twenty-five dollars for actual damages and fifteen hundred dollars for exemplary damages. (Signed) JNO. W. BLUE, Foreman.'

"Witness my hand, this February 4, 1881.
        (Signed)                    "A. S. WALKER, Dist. Judge."

Motion for new trial was urged on grounds, (1) refusal of court to receive the first verdict; (2) error in charge of court; and (3) that damages were excessive.

Motion for new trial was overruled, and defendant appealed.

*Peeler & Maxey*, for appellant.

I. The first verdict of the jury found $1,500 exemplary damages and $25 actual damages against the defendant. The court charged the jury only on the subject of actual damages. Therefore the verdict was responsive to the issue of actual damages, and judgment should have been entered thereon, rejecting that portion finding exemplary damages. Hutchings v. Bacon, 46 Tex., 412; Patterson v. United States, 2 Wheat., 225; Stearns v. Bassett, 1 Mason (C. C.), 170; Richmond v. Tallmadge, 16 Johns., 313.

II. The seventh paragraph of the charge of the court is a charge upon the weight of evidence, and assumed as a fact the vital issue

before the jury, to wit, that the plaintiff was injured.  R. S., art. 1317; H. & T. C. R. R. Co. *v.* Smith, 52 Tex., 185; Gay *v.* McGuffin, 9 Tex., 502; Andrews *v.* Marshall, 26 Tex., 215; Kimbro *v.* Hamilton, 28 Tex., 566; Williams *v.* Davidson, 43 Tex., 39, 40; T. & P. R. W. Co. *v.* Murphy, 46 Tex., 367.

III. The sixth paragraph of the instructions was a charge upon the weight of evidence, and assumed that omissions on the part of defendant had been proven by the testimony — a fact for the determination of the jury alone, and one of the material issues in the case.  Same authorities.

IV. The damages were extravagant and outrageous, showing prejudice in the jury.  Darcy *v.* Turner, 46 Tex., 35; Patten *v.* C. & N. W. R. R. Co., 32 Wis., 524.

*Carleton & Morris* and *Sheeks & Sneed,* for appellee.— On the question of amount of damages, they cited Thompson's Carriers of Passengers, 556, 557 and 93; Maher *v.* Cent. Park Railway Co., 67 N. Y., 52; Montgomery, etc., R'y Co. *v.* Filmore, 57 Ill., 265; Pittsburg, etc., R'y Co. *v.* Thompson, 56 Ill., 138; Boyce *v.* Cal. Stage Co., 25 Cal., 460; Georgia R'y Co. *v.* McCurdy, 45 Ga., 288; McDonald *v.* Chicago & H. G. R. R. Co., 26 Iowa, 124.

STAYTON, ASSOCIATE JUSTICE.— It is claimed that the court erred in refusing to receive a verdict of the jury which found for the appellee $25 actual and $1,500 exemplary damages, and in not rendering judgment thereon.  This court is not informed in any manner which we can recognize that any such action as is complained of was ever taken.  The only manner in which the action of a district court can be brought before this court for revision upon appeal is by bill of exceptions, and statements of fact, made and certified as the statute requires, unless the matter sought to be revised appears in the record of the court.

In the record of this cause it does not appear in the manner above indicated that any such action was taken in the district court as this court is now asked to revise; but if the paper which is made a part of the motion for new trial, and purporting to be signed by the judge of the district court, was in form and substance a bill of exceptions, it is not perceived that it could alter the case; for it does not appear therefrom that the appellant, at the time the action was taken, objected to the same; and in the absence of such showing, it would be presumed that the action of the court was by consent of parties, who are to be presumed to have been in court at the time

the matter may have occurred, and their subsequent expression of dissatisfaction through the motion for new trial would not justify a contrary presumption.

We do not wish, however, to be understood as intimating that the action of the court was erroneous, even if it was as claimed by the appellant.

The seventh paragraph of the charge of the court, assigned as error, is a clear and concise statement of the law applicable to the case, and does not, as insisted by counsel for appellant, assume that an injury was inflicted upon the appellee, but leaves that, as well as all other questions, to the judgment of the jury upon the evidence. The same is true of the sixth paragraph of the charge, in which the jury were told, in effect, that it was their duty, from all the testimony, to determine whether, under the charge, as negligence therein had been defined, such acts and omissions of the appellant as were shown by the testimony to have existed, constituted negligence. If the sixth paragraph of the charge is construed alone and without reference to the other parts of the charge, it could not be held that it assumed any fact, or was upon the weight of evidence. But it would not be proper to construe one paragraph of a charge alone; the whole charge should be considered; and when thus considered, the charge of the court given in this cause is an admirable exposition of the law of the case.

If, however, the court had assumed that the appellee was injured, and that there were omissions of duty upon the part of the appellant, under the admitted or uncontroverted evidence in the cause, an injury was inflicted upon the appellee, and there were omissions upon the part of the appellant, the extent of injury and extent of omissions were controverted questions; but the fact of injury and of omissions was not controverted.

In the case of Wintz v. Morrison, 17 Tex., 387, Wheeler, J., said: " The rule which forbids the judge to charge upon the weight of evidence does not require or authorize him to assume as doubtful that which is clear and indisputable, or to assume hypotheses at variance with the certain fact. Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact, and the charge of the court should proceed upon that basis. It is only where there may be doubt, that the jury are required to weigh the evidence, and it is then only that the rule applies that the court shall not charge upon the weight of evidence."

It is claimed that the damages awarded by the jury are excessive. Whether the damage be excessive or not depends upon the amount

of injury received by the appellee. Various injuries were alleged, some of which were trivial in their character; but others of the most serious character were alleged; injuries which may impair the ability of the appellee to labor through his entire life, and from which pain may become his constant companion. Whether these injuries were inflicted upon the appellee by the negligence of the servants of the appellant, or not, was fairly submitted to the jury, and there being evidence in the case from which they could have found the affirmative of the proposition, their finding in effect is that the injuries which the appellee alleges that he received in manner stated in his petition were the result of the negligence of the appellant. Such being the case, we cannot say that the damages are excessive.

The question was one peculiarly for the jury, and unless, in view of the evidence, the damages were so excessive and disproportioned to the injuries alleged as to indicate that the verdict was the result of passion, prejudice or partiality, we would not be authorized upon that ground to reverse the judgment. In such cases as the present, presenting as they do many and varied elements which go to make up the measure of damages, there is no certain fixed rule by which this court can nicely weigh and adjust the matter, as may be done in some other cases in which the elements of damage and measure of damage are fixed by certain and unbending rules.

There being no error found in the record requiring a reversal of the judgment, the same is affirmed.

                                               Affirmed.

[Opinion delivered April 28, 1882.]