### TEXAS & PACIFIC R'Y v. ROBERT J. McKENZIE.

(No. 5287.)

RAILROADS.— Damages, duties of defendants.

APPEAL from Parker county.  Opinion by DELANEY, J.

STATEMENT.— Appellee brought this suit against appellant to recover damages for injuries alleged to have been received by him from a fall on the platform of appellant's station at Alledo, in Parker county, on the night of June 17, 1882; alleging that there was only one depot building at said station, which was constructed for receiving freight on the side-track running on the north side of the building, and was elevated five feet above the track, and the passenger train passed on the south side of the depot building at a distance of thirty feet; that there were no reasonable and safe accommodations provided for passengers to await the train; that when the train arrived, about midnight, at

said station, appellee came out of the depot building on the south side of the platform and started toward the train to take passage, and, after proceeding eight feet on the platform fronting the train, he tumbled off and fell four feet on to a second platform with such force that his right leg was badly crushed and broken near his body, and he was permanently crippled; that his injuries were caused by the gross negligence and omission of duty of appellant in failing to provide a passenger depot and reasonable accommodations at Alledo station, and proper lights to guide passengers off the platform; that the night was dark and no lights had been provided on the platform to enable him to see his way to the train; that when he started to the train he acted upon appearances, and the deceptive appearance of the platform deceived him, and it was by appellant's negligence and omission of duty that he sustained said injury, without fault on his part.

Appellant excepted specially, and denied all allegations of the petition, alleging that its depot building was constructed as all such structures are built; that the appellee knew of the existence of the elevation; that there were proper steps at both ends of the platform known to appellee. Judgment was rendered for appellee for $1,500.

OPINION.— The proof supports the allegations of appellee. Held, on the subject of the duty of appellant to the appellee in this case, the court correctly gave the following charge: "It was the duty of the defendant, at said station where it received passengers, to have and keep in reasonably safe condition suitable approaches to and from its cars to its station-house, and at night-time, if needed, to have sufficient light to enable passengers who might wish to take passage on night trains to pass with safety from the station-house to the trains." I. & G. N. R. R. v. Stewart, 57 Tex., 166; McKone v. M. C. R. R., 13 Am. & Eng. R. R. Cases, 29 and note; Whart. on Neg., secs. 653, 821.

AFFIRMED.